# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3061 | **DATE** | August 16, 2012 |
| **CASE TITLE** | Campos et al vs. Nautica Retail USA, Inc. | | |

### DOCKET ENTRY TEXT

Status hearing and motion hearing held. For the reasons stated in open court and as detailed herein, Defendant's motion for protective order [34] is granted in part and denied in part. Defendant is ordered to supplement its responses to Plaintiffs' discovery requests by August 31, 2012. Defendant's motion for protective order [36] is denied without prejudice. Parties are to confer further about a draft protective order for the court's consideration. Until an order is entered to protect those documents marked by Defendant as confidential, Plaintiffs have agreed to treat such documents as "attorney's eyes only" documents so that Defendant can produce responsive documents as quickly as possible. Parties' ESI representatives must meet and confer by August 24, 2012, to discuss ESI issues. A status hearing is scheduled for September 4, 2012, at 11:00 a.m. in courtroom 1944D.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

In its motion for protective order [34], Defendant seeks to be excused from having to respond to Interrogatory ## 14, 18 and 19, and Request to Produce ## 2, 4, 5, 8, 11, 17, 18, 20, 22, 25-29, and 31. This motion is granted in part and denied in part.

The motion is granted without prejudice to Plaintiffs as to Interrogatory # 14. The motion is granted in part and denied in part as to Interrogatory # 18. Defendant is ordered to provide the requested information for those individuals within the chain-of-command for the stores identified as having engaged in nighttime deposits during the relevant time period of this action. The motion is denied as to Interrogatory # 19. Defendant is ordered to prepare two tables. The first table must identify all 88 of its stores in the following three categories covering the time period since April 25, 2009: (1) Armored Car Service; (2) Daytime Deposits; and (3) Nighttime deposits. Within each category, if a particular store changed its deposit practice during the relevant time period, the changes must be noted with corresponding dates. The second table must contain the same type of information but only for Illinois stores.

The motion is granted without prejudice as to Request ## 2, 17, 18, 22, 25, 26, 28 and 29. The motion is granted as to Request # 20 as the scope of this particular request is too broad and outside the scope of discovery permitted during this initial phase. The motion is granted in part and denied in part as to Request # 8. Defendant is ordered to provide those position descriptions which include nighttime deposits and those position descriptions which

12C3061 Campos et al vs. Nautica Retail USA, Inc.    Page 1 of 2

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3061 | **DATE** | August 16, 2012 |
| **CASE TITLE** | Campos et al vs. Nautica Retail USA, Inc. | | |

### DOCKET ENTRY TEXT

Status hearing and motion hearing held. For the reasons stated in open court and as detailed herein, Defendant's motion for protective order [34] is granted in part and denied in part. Defendant is ordered to supplement its responses to Plaintiffs' discovery requests by August 31, 2012. Defendant's motion for protective order [36] is denied without prejudice. Parties are to confer further about a draft protective order for the court's consideration. Until an order is entered to protect those documents marked by Defendant as confidential, Plaintiffs have agreed to treat such documents as "attorney's eyes only" documents so that Defendant can produce responsive documents as quickly as possible. Parties' ESI representatives must meet and confer by August 24, 2012, to discuss ESI issues. A status hearing is scheduled for September 4, 2012, at 11:00 a.m. in courtroom 1944D.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

In its motion for protective order [34], Defendant seeks to be excused from having to respond to Interrogatory ## 14, 18 and 19, and Request to Produce ## 2, 4, 5, 8, 11, 17, 18, 20, 22, 25-29, and 31. This motion is granted in part and denied in part.

The motion is granted without prejudice to Plaintiffs as to Interrogatory # 14. The motion is granted in part and denied in part as to Interrogatory # 18. Defendant is ordered to provide the requested information for those individuals within the chain-of-command for the stores identified as having engaged in nighttime deposits during the relevant time period of this action. The motion is denied as to Interrogatory # 19. Defendant is ordered to prepare two tables. The first table must identify all 88 of its stores in the following three categories covering the time period since April 25, 2009: (1) Armored Car Service; (2) Daytime Deposits; and (3) Nighttime deposits. Within each category, if a particular store changed its deposit practice during the relevant time period, the changes must be noted with corresponding dates. The second table must contain the same type of information but only for Illinois stores.

The motion is granted without prejudice as to Request ## 2, 17, 18, 22, 25, 26, 28 and 29. The motion is granted as to Request # 20 as the scope of this particular request is too broad and outside the scope of discovery permitted during this initial phase. The motion is granted in part and denied in part as to Request # 8. Defendant is ordered to provide those position descriptions which include nighttime deposits and those position descriptions which

| STATEMENT |
|---|

specifically preclude nighttime deposits. The motion is denied as to Request ## 4, 5, 11, 27 and 31. Defendant is ordered to provide documents reflecting its pay policy governing Hourly Employees and its policy governing document (including electronically stored information) retention. In responding to Request # 31, Defendant is also ordered to provide a copy of the April 2012 deposit log from all 88 stores.